**MAYRA L. GARCIA**
California State Bar No. 190677
1010 Second Avenue, Suite 1850
San Diego, California 92101
Telephone: (619) 238-4132
Fax: (619) 230-6505

Attorney for **Cristobal Martinez**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR1851-W |
| Plaintiff, | Date: July 28, 2008<br>Time: 2:00 P.M. |
| v. | |
| **CRISTOBAL MARTINEZ**, | NOTICE OF MOTIONS AND MOTION TO: |
| Defendant. | 1) COMPEL FURTHER DISCOVERY and<br>2) GRANT LEAVE TO FILE FURTHER MOTIONS |

**TO: KAREN HEWITT, UNITED STATES ATTORNEY, and SHERRI HOBSON, ASSISTANT UNITED STATES ATTORNEY:**

PLEASE TAKE NOTICE that on July 28, 2008 at 2:00 P.M. or as soon thereafter as counsel may be heard, the defendant, Cristobal Martinez, by and through his Counsel, Mayra L. Garcia, will ask this Court to enter an order granting the pretrial motions listed.

///

///

///

//

**MOTIONS**

The defendant, Cristobal Martinez, by and through his attorney, Mayra L. Garcia, pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves the Court for an order to:

1) compel further discovery;
 and
2) grant leave to file to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to the Court's attention at the time of the hearing on these motions.

Respectfully submitted,

/s/ *Mayra L. Garcia*

Dated: July 1, 2008

**MAYRA L. GARCIA**
Attorney for Martinez
Mlgdefense@hotmail.com

**MAYRA L. GARCIA**
California State Bar No. 190677
1010 Second Avenue, Suite 1850
San Diego, California 92101
Telephone No. (619) 238-4132
Fax: (619) 230-6505

Attorney for **Cristobal Martinez**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE THOMAS J. WHELAN)**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>**CRISTOBAL MARTINEZ**,<br>Defendant. | Case No.08CR1851-W<br><br>STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS |

**I.**

**STATEMENT OF FACTS**

Cristobal Martinez does not accept the statement as his own and reserves the right to take a contrary position at motions and trial.

On May 7, 2008, Mr. Cristobal Martinez drove to the San Ysidro Port of Entry where a narcotics detector dog alerted to his truck. After Mr. Martinez presented his legal residency card and said he had nothing to declare, the officers sent him to secondary inspection. When officers inspected the truck, they found that the spare tire tapped hard where they later found 79.4 kilos/174.68 pounds of iodine. Mr. Martinez made a statement after waiving his Miranda rights explaining he was to be paid $300 for bringing the iodine across the border.

//

## II.

## MOTION TO COMPEL FURTHER DISCOVERY

Mr. Martinez has received 22 pages and a DVD of discovery in this case. Because Mr. Martinez has received limited discovery, he requests that the government be ordered to produce all the discovery in this case that was requested. This request includes discovery of which the government attorney knows, and discovery of which the government attorney may become aware through the exercise of due diligence. See Fed. R. Crim. P. 16. His counsel has been in contact with the Assistant United States Attorney on these matters.

In addition, Mr. Martinez moves for the production of the following discovery.

(1) The Defendant's Statements. The defendant requests disclosure of all copies of any written or recorded statement made by him, any written record containing the substance of any oral statements made by her and any written summaries of his oral statements contained in the handwritten notes of the government agent, any response to any Miranda warnings which may have been given to him, any response to interrogation, as well as any other statements by him. Fed. R. Crim. P. 16(a)(1)(A).

(2) Arrest Reports, Notes and Dispatch Tapes. The defendant also specifically requests the government to turn over all arrest reports, notes, dispatch or any other tapes that relate to the circumstances surrounding his arrest or any questioning. This request includes, but is not limited to, any rough notes, records, reports, transcripts, or other documents which contain statements of the defendant or any other discoverable material. Fed. R. Crim. P. 16(a)(1)(A); Brady v. Maryland, 373 U.S. 83 (1963). The government must produce arrest reports, investigators' notes, memos from arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the defendant. Fed. R. Crim. P. 16(a)(1)(B) and (C); Fed. R. Crim. P. 26.2 and 12(i).

(3) The Defendant's Prior Record. The defendant requests disclosure of his prior record, if one exists. Fed. R. Crim. P. 16(a)(1)(B).

(4) Evidence Seized. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(5) Tangible Objects. The defendant requests the opportunity to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents,

fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case or were obtained from or belong to her. Fed. R. Crim. P. 16(a)(1)(C).

(6) Request for Preservation of Evidence. The defendant specifically requests the preservation of all dispatch tapes or any other physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relate to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, and any other evidence seized from the defendant or any third party.

(7) Reports Of Examinations And Tests. The defendant requests the opportunity to inspect and copy any reports of physical and mental examinations and any scientific tests which are material to the preparation of the defense or intended for use in the government's case. Fed. R. Crim. P. 16(a)(1)(D).

(8) Expert Witnesses. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case. Fed. R. Crim. P. 16(a)(1)(E). Mr. Martinez requests that the Court order disclosure of this discovery at least three weeks prior to trial in order to investigate it, to prepare in limine motions in a timely manner, and to prepare adequately for trial.

(9) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the government's case, or which may result in a lower sentence under the United States Sentencing Guidelines. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(10) Giglio Information. The defendant requests all statements and/or promises, express or implied, made to any government witnesses in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses. Giglio v. United States, 405 U.S. 150 (1972).

(11) Henthorn Material. The defendant requests that the government examine the personnel files of all government agents who may testify in this action for Brady material. United States v. Henthorn, 931 F.2d 29 (9th Cir. 1991); United States v. Herring, 83 F.3d 1120 (9th Cir. 1996).

(12) Informants and Cooperating Witnesses. The defendant requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a witness in this case or otherwise participated in the crime charged against Mr. Martinez. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. Id.

(13) Jencks Act Material. The defendant requests production at least three weeks in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material. Disclosure of this discovery at least three weeks prior to trial will also enable Mr. Martinez to prepare in limine motions in a timely manner, and to prepare adequately for trial.

(14) Any Proposed 404(b) Evidence. The defendant requests prior notice of any other acts that the government intends to introduce in its case-in-chief, through impeachment, or in its rebuttal case. Fed. R. Crim. P. 16(a)(1)(C); Fed. R. Evid. 404(b) and 609(b); United States v. Vega, 188 F.3d 1150 (9th Cir. 1999). Mr. Martinez requests that the Court order disclosure of this discovery at least three weeks prior to trial in order to investigate it, to prepare in limine motions in a timely manner, and to prepare adequately for trial.

## III.

## REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

As mentioned above, Mr. Martinez and defense counsel have received 57 pages of discovery and is awaiting more. As new information surfaces due to the government providing discovery in response to these motions or an order of this Court, the defense may need to file further motions. Therefore, defense counsel requests the opportunity to file further motions.

//

//

# IV.

## CONCLUSION

For the reasons stated above, Mr. Martinez respectfully requests that the Court grant the foregoing motions.

Respectfully submitted,

/s/ Mayra L. Garcia

Date: July 1, 2008

**MAYRA L. GARCIA**
Attorney for Martinez
Mlgdefense@hotmail.com

**PROOF OF SERVICE**

I, **MAYRA L. GARCIA**, do hereby state:

I am a citizen of the United States and a resident of the County of San Diego, State of California. I am over the age of eighteen years, and am not a party to the within action. My business address is 1010 Second Avenue, Ste. 1850, San Diego, California 92101.

On the this 1st day of July 2008, I served the within **MOTIONS** in Case No. 08CR1951-001-W electronically through the CM/ECF system for the Southern District of California on the United States Attorney's Office, a registered user of the CM/ECF system.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

EXECUTED this day, 1st of July 2008, at San Diego, California.

S/ MAYRA L. GARCIA

MAYRA L. GARCIA